**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorenzo E Delgado,<br><br>Petitioner,<br><br>v.<br><br>David Shinn,<br><br>Respondent. | No. CV-19-04971-PHX-GMS<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 11) issued by Magistrate Judge Deborah M. Fine recommending that the Court deny Petitioner Lorenzo E. Delgado's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Petitioner timely filed an objection to the R&R. (Doc. 12.) The Court denies Petitioner's Motion and adopts the R&R.

## BACKGROUND

Petitioner was indicted on two counts of attempted reckless second-degree murder ("Counts 1 and 2"), two counts of aggravated assault ("Counts 3 and 4"), one count of drive by shooting ("Count 5"), one count of misconduct involving weapons ("Count 6"), and one count of discharge of a firearm at a structure ("Count 7"). In September 2012, Petitioner went to trial on Counts 1–5 and 7. After presentation of the State's case-in-chief, Petitioner's counsel argued that Counts 1 and 2 be dismissed because Arizona does not recognize the offense of attempted reckless second-degree murder. The trial court subsequently dismissed Counts 1 and 2. Thereafter, the jury convicted Petitioner of Counts 3 and 7. Petitioner later pled guilty to Count 6.

In August 2016, Petitioner filed a pro persona post-conviction relief ("PCR") petition and asserted two claims of ineffective assistance of counsel ("IAC"). Because no party has objected to the Magistrate Judge's background on the petition, the Court adopts the background as set forth therein:

> Petitioner first argued that trial counsel provided IAC by failing to conduct pretrial preparation and investigation into the charges of the indictment and by allowing Petitioner to be tried on non-existent charges under Counts 1 and 2, which were later dismissed. ([Doc. 9-1] at 447-448) Petitioner's second argument was that trial counsel provided IAC by not presenting a "defense of reckless conduct to all indicted charges" after counsel failed to realize the defect in the charges underlying Counts 1 and 2, which were later dismissed. (*Id.* at 448)
>
> Petitioner argued he suffered prejudice arising from his trial counsel's ineffective assistance because the jury was read the charges on Counts 1 and 2 and heard "allegations and arguments" on those charges before they were dismissed. (*Id.* at 453) Petitioner supported his IAC claims by referring to his trial counsel's argument to the court that Petitioner should be acquitted on Counts 1 and 2 because counsel had purposefully avoided cross-examination of witnesses on issues of recklessness "based on the way Count 1 and 2 were charged in the indictment." (*Id.* at 458) Petitioner also indicated that his trial counsel advised the court that counsel's closing argument would necessarily be "limited" and not "as powerful as it could be because of the limited cross-examination that took place." (*Id.* at 459)
>
> The superior court found that Petitioner had failed to establish prejudice under the second prong of the *Strickland* test:
>
>> [a]ssuming that counsel['s] actions in not recognizing that Counts 1 and 2 could not go forward as charged in the indictment was deficient, [Petitioner] cannot show prejudice. Given the facts of the case, the same testimony presented in support of Counts 1 and 2 was presented in support of the remaining counts. No additional evidence was presented. [Petitioner] has failed to show a colorable claim of prejudice.
>>
>> To the extent that [Petitioner] claims that counsel admitted that he failed to develop evidence of recklessness because the existence of Counts 1 and 2 caused him to hold back on that evidence, [Petitioner] fails to present any evidence that would have been introduced to defend against the remaining charges. The remaining charges against [Petitioner] required that the State prove intentional conduct. The fact that Defense counsel stated that he refrained from developing "reckless" evidence was of no consequence to the remaining charges. [Petitioner] merely comes to the conclusion that additional evidence may have resulted in a different outcome.
>
> (*Id.* at 578-579) The superior court dismissed Petitioner's PCR action. (*Id.* at 579).

>Petitioner moved for rehearing. (*Id.* at 581-584) which the superior court denied without comment (*Id.* at 587). On petition for review to the Arizona Court of Appeals, the court agreed with the superior court's conclusion that even assuming trial counsel's performance fell below objectively reasonable standards, Petitioner had failed to establish prejudice. (*Id.* at 614) However, the court of appeals disagreed with the superior court's conclusion that defense counsel's statement he had refrained from developing evidence of recklessness "was of no consequence to the remaining charges." (*Id.*) The court of appeals noted that all of Petitioner's remaining charges required the state to prove that Petitioner had acted knowingly or intentionally. (*Id.*) Accordingly, the court reasoned, Petitioner's "claiming he had acted recklessly arguably might have been a defense." (*Id.*) Even so, the court of appeals found that Petitioner had failed to identify evidence that his counsel would have introduced in defense of the remaining charges had trial counsel relied on a theory of recklessness. (*Id.*) Accordingly, the court held that it could not conclude the superior court had abused its discretion in denying Petitioner relief. (*Id.* at 614-615) Petitioner moved the court of appeals for reconsideration (*Id.* at 617-621) which the court denied (*Id.* at 627). Next, Petitioner filed a petition for review in the Arizona Supreme Court (*Id.* at 629-637) which was denied (*Id.* at 662).

(Doc. 11 at 4–6.)  Petitioner subsequently filed his habeas petition.  As in his PCR action, Petitioner alleges "that his trial counsel was ineffective by failing to investigate or seek dismissal of Counts 1 and 2 of the indictment prior to trial and also by failing to present the defense that Petitioner's conduct was merely reckless rather than knowing or intentional." *Id.* at 6.

## DISCUSSION

### I. Legal Standard

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993).  Any party "may serve and file written objections" to a report and recommendation by a magistrate. 28 U.S.C. § 636(b)(1).  "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection."  *Arn*, 474 U.S. at 149.  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate." 28 U.S.C. § 636(b)(1).

## II.   Analysis

In his objection, Petitioner argues he has presented evidence of prejudice because his defense counsel stated he "would have been trying to prove recklessness" and would have "questioned and cross-examined several witnesses . . . on the issue of recklessness." (Doc. 12 at 2.)

Under *Strickland v. Washington*, to demonstrate prejudice Petitioner "must show that there [wa]s a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. 668, 694 (1984). Prejudice is not established where there is only speculation about whether additional evidence would have helped a defense.  *See, e.g.*, *Hurles v. Ryan*, 752 F.3d 768, 782 (9th Cir. 2014) (finding the petitioner had not established prejudice based on counsel's inability to track down a witness because the court could "only speculate as to the nature of [the witness's] testimony and whether it would have helped or undermined [the petitioner's] insanity defense"); *Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000) (denying an IAC claim based on failure to call an alleged alibi witness, in part, because the petitioner "provide[d] no evidence that this witness would have provided helpful testimony for the defense").  Petitioner does not indicate what evidence defense counsel would have presented to prove recklessness or what the witnesses' testimony would have been if defense counsel had questioned on the issue of recklessness.  Therefore, the Magistrate Judge did not err in concluding that Petitioner failed to show evidence of prejudice. Accordingly, Petitioner's objection is overruled.

## CONCLUSION

Having reviewed the record as it relates to Petitioner's objection *de novo*, the Court accepts the Report and Recommendation and denies the Petitioner's Motion.  Accordingly,

**IT IS THEREFORE ORDERED** that Petitioner Lorenzo E. Delgado's Objection to Report and Recommendation (Doc. 12) is **OVERRULED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge Deborah M. Fine (Doc. 11) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

Dated this 31st day of December, 2020.

G. Murray Snow
Chief United States District Judge